1 | Philip H. Stillman, Esq. SBN# 152861
2 | STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
3 | Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com
4
Attorneys for Defendant
5 | CME INTERNATIONAL LLC

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARBARA HARRISON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CME INTERNATIONAL LLC (dba Bob's watches),<br><br>Defendant. | CASE NO.: 8:23-cv-00347-CJC-KES<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Fed.R.Civ.P. 12(1) and (6)]<br><br>Date:  May 22, 2023<br>Time:  1:30 p.m<br>Courtroom: 9B<br>Ronald Reagan Federal Building and United States Courthouse<br><br>Hon. Cormac J. Carney |

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Allegations in the Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Evidence Concerning the Accessibility Information on the Defendant's Website. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    THE COMPLAINT FAILS TO STATE A CLAIM BY FAILING TO ALLEGE ANY NEXUS BETWEEN THE ALLEGED BARRIERS AND THE WATCH STORE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.    Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.    Plaintiff Fails To Connect Any Alleged Barrier With Defendant's Physical Location. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            1.    The Website Does Not Impede Access To The Goods And Services of the Watch Store . . . . . . . . . . . . . . . . . . . . . . . . . 4

            2.    Plaintiff Has Alleged A Nonexistent "Informational" Claim. . . . 7

    II.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.    No Subject Matter Jurisdiction Under the ADA. . . . . . . . . . . . . . . . . . 8

            1.    Plaintiff Has Not Plead Any Real and Immediate Threat of Future Harm . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            2.    Plaintiff Has Not Pled An Injury In Fact. . . . . . . . . . . . . . . . . . 10

            3.    Plaintiff Has Not Pled An Intent To Return. . . . . . . . . . . . . . . 10

            4.    Deterrence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    III.    PLAINTIFF LACKS STANDING TO SEEK DAMAGES UNDER THE UNRUH ACT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    IV.    THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER THE UNRUH ACT CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

*Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir.2010) . . . 5

*Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 678 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Barnes v. Marriott Hotel Servs.*, 2017 U.S. Dist. LEXIS 22588, at *10 (N.D. Cal. Feb. 16, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brooke v. Crestline Hotels & Resorts LLC*, 2020 U.S. Dist. LEXIS 34001 (S.D. Cal. February 25, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011) . . . . . . . . . . . . 8

*Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . 12

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) . . . . . . . . . . . . . . . . 4

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . 8

*Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) . . 9

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) . . . . . . . . . . . . 8

*Gastelum v. Cent. Valley Hosp. LLC*, No. 1:21-cv-01079-JLT-SAB, 2022 U.S. Dist. LEXIS 53766, at *9 (E.D. Cal. Mar. 24, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Gomez v. Ackerman Family Vineyards LLC*, 2022 U.S. Dist. LEXIS 94858, at *7-8 (N.D. Cal. May 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gomez v. Corro*, Case No. 21-cv-07085-SI, 2022 U.S. Dist. LEXIS 75842 at *2 (N.D. Cal. Apr. 26, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gomez v. Gates Estates, Inc.*, No. C 21-7147 WHA, 2022 U.S. Dist. LEXIS 27266, at *10 (N.D. Cal. Feb. 15, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

*Gomez v. Smith*, No. 21-cv-07154-RS, 2022 U.S. Dist. LEXIS 6157, at *3-4 (N.D. Cal. Jan. 12, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Haggar v. Ashley Furniture Indus., Inc.*, 2019 U.S. Dist. LEXIS 231237, 2019 WL 8886026, at *3 (C.D. Cal. Dec. 12, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Johnson v. Garlic Farm Truck Ctr. Llc*, No. 20-cv-03871-BLF, 2021 U.S. Dist. LEXIS 113031, at *20 (N.D. Cal. June 16, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Langer v. Caravana*, LLC, 8:21-cv-00303-JLS-JDE (C.D.Cal. Aug. 24, 2021) . . . . . . . 10

*Langer v. Oval Motor Sports, Inc.*, No. 21-cv-06401-MMC, 2022 U.S. Dist. LEXIS 99575, at *3-4 (N.D. Cal. June 3, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005) . . . . . . . . . . . . . . 11

*Nat'l Fed'n of the Blind v. Target Corp.*, 452 F.Supp.2d 946, 952 (N.D. Cal. 2006) . . . . . 5

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002). . . . . . . . . . . 9

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir. 2001). . . . . . . . . . . . . . . . 3

*Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019), at *9, *aff'd*, 2020 U.S. App. LEXIS 20146 (9th Cir. Cal., June 26, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Thanh Vo v. Choi*, 49 F.4th 1167, 1173 (9th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Thurston v. Omni Hotels Mgmt. Corp.*, 69 Cal. App. 5th 299 (2021). . . . . . . . . . . . . . . . 12

*TransUnion LLC v. Ramirez*, __ U.S. __, 141 S. Ct. 2190, 2200 (2021). . . . . . . . . . . . . . 8

*U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007) . . . . . 13

*Vogel v. Salazar*, SACV 14-00853-CJC, 2014 WL 5427531 (C.D. Cal. Oct. 24, 2014) . . 11

*Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) . . . . . . 4

*Whitaker v. Ramon Bravo, Inc.*, No. 21-cv-03714-JCS, 2021 U.S. Dist. LEXIS 172315 at *4 (N.D. Cal. Sept. 10, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Williams v. Amazon.com Inc.*, 2020 U.S. Dist. LEXIS 185471, 2020 WL 5909060, at *1 (E.D. Cal. Oct. 6, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# INTRODUCTION

Under *Robles v. Domino's Pizza*, "a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 U.S. Dist. LEXIS 8680 at *5 (N.D. Cal. Jan. 15, 2021). Here, plaintiff Barbara Harrison (hereinafter "Harrison" or "Plaintiff") has not stated a single fact in her entire Complaint that states Defendant's Website's supposed lack of SRS functionality limited her from visiting the *physical location* of Defendant's watch store. Further, the Complaint only alleges an informational injury, with not a single instance of Plaintiff being interested in purchasing anything from Defendant's store and being deterred from doing so. As the courts agree, this kind of "informational injury" does not state a viable ADA claim. *Gomez v. Gates Estates, Inc.*, No. C 21-7147 WHA, 2022 U.S. Dist. LEXIS 27266, at *10 (N.D. Cal. Feb. 15, 2022) ("under *Robles*, the ADA does not protect his general interest in being able to gather information from defendant's website unrelated to any desire to avail himself of defendant's actual services."). As such, Plaintiff's Complaint fails to state a viable claim and further lacks subject matter jurisdiction, therefore it must be dismissed be the Court.

# STATEMENT OF FACTS

A.  <u>Allegations in the Complaint</u>

According to the Complaint, Plaintiff is a "blind person who requires screen-reading software to read website content using her computer. Complaint, ¶ 1. Defendant owns, operates, and maintains a brick-and-mortar watch store in Newport Beach, California. Complaint, ¶ 10. Plaintiff apparently resides in San Bernardino County, far from Defendant's physical location. Compl., ¶ 12. Plaintiff alleges that she visited www.bobswatches.com several times using the JAWS screen-reader, "to view the website and learn more about Defendant and it's products using Defendant's website www.bobswatches.com in San Bernardino County." Compl., ¶ 12. She does not provide specific date(s) that she supposedly visited Defendants Website, other than her allegation

1  that she visited "several times." *Id*.  During Plaintiff's "several visits" she alleges
2  conclusorily alleges that she found "widespread accessibility barriers" that she lists in the
3  Complaint, ¶ 23(a)-(k).
4        As for the alleged defects that Harrison supposedly encountered when she made her
5  "several visits" to the Website, they are at best a laundry list of supposed website design
6  issues that are unrelated to her ability to access Defendant's physical location.  Complaint, ¶
7  23. As stated previously Harrison repeatedly fails to identify what specific items on the
8  Website prevented her from accessing the goods and services of the <u>physical location</u>,
9  Without this key part of her claim her supposed issues are purely informational and are not
10 a viable ADA claim. Case and point, Plaintiff states "[i]f www.bobswatches.com was
11 accessible, Plaintiff and similarly situated blind and visually-impaired people could
12 independently easily review and otherwise research related products available via
13 Defendant's website." Complaint,  ¶ 30. To "review and otherwise research" has no
14 connection with whether or not Defendant's Website deters Plaintiff from accessing the
15 store's physical location. In fact, there is no mention of how the supposed barriers on
16 Defendant's Website stop Plaintiff from visiting Defendant's store in Newport Beach, that
17 Plaintiff had any intent to visit Defendant's physical location, or even what product she was
18 interested in purchasing when she went to the website. Furthermore, Plaintiff does not state
19 any intent to return to Defendant's Website or Store, thus missing another key part of a
20 viable ADA claim. As such, Plaintiff's Complaint fails to state an ADA claim and lacks
21 subject matter jurisdiction.
22 B.    <u>Evidence Concerning the Accessibility Information on the Defendant's Website</u>.
23       Defendant is a watch store. The website provides information on the watches that the
24 physical store sells. The "landing page" of the Defendant's website provides contact
25 information for the Defendant's physical location and specifically informs visitors to the
26 website that the physical location is open *by appointment only*.  A copy of the "landing
27 page" is attachede to the Request for Judicial Notice as <u>Exhibit 1</u>.  The website also
28

provides a accessibility toolbar that a visually impaired person can click called, "Accessibly App Toolbar" which allows them to hear website descriptions without purchasing expensive screen-reader software. *See* https://www.bobswatches.com/accessibility-help, attached to the Request for Judicial Notice as Exhibit 2."The app uses the Web Content Accessibility Guidelines (WCAG) defined requirements to improve accessibility for people with disabilities. It defines three levels of conformance: Level A, Level AA, and Level AAA. Accessibly App is following the best guidelines and is partially conformant with WCAG 2.0 level AA."). The website also invites any potential customer to contact the store directly if they encounter any difficulty with the Website.

Defendant's website is the poster child for a well-designed website, that takes extra steps to facilitate access for those who are visually impaired. Significantly, Harrison makes no allegation whatsoever that she even attempted to use the free SRS toolbar that Defendant makes available to the visually impaired, further undercutting her claimed desire to actually be a *bona fide* purchaser of services and products as compared to some sort of private attorney general looking to extract payments from businesses for nonexistent ADA violations. The case should be dismissed with prejudice.

## ARGUMENT

### I.

### THE COMPLAINT FAILS TO STATE A CLAIM BY FAILING TO ALLEGE ANY NEXUS BETWEEN THE ALLEGED BARRIERS AND THE WATCH STORE

A.  Legal Standard

While "detailed factual allegations" are not required, a complaint must have sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 668. Also, the Court is "not required to accept as true conclusory allegations which are contradicted by documents

referred to in the complaint[.]" *Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir. 2001) (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, a court may, without converting the motion to one for summary judgment, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Thus, in *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), the Ninth Circuit considered, on a Rule 12 (b)(6) motion, "information posted on certain … web pages that Plaintiffs referenced in the Complaint" where the complaint directly referred to the material posted on those web pages. *Id. Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)(holding that a screen shot was properly the subject of judicial notice and noting that judicial notice of the context of webpages is appropriate); *Pac. Overlander, LLC v. Kauai Overlander*, 2018 U.S. Dist. LEXIS 135567, at *2 (N.D. Cal. Aug. 10, 2018) ("[A]s a general matter, websites and their contents may be proper subjects for judicial notice."). Thus, since the entire complaint is based on Defendant's website, this Court can take judicial notice of Defendant's website.

B.     Plaintiff Fails To Connect Any Alleged Barrier With Defendant's Physical Location.

   1.    **The Website Does Not Impede Access To The Goods And Services of the Watch Store**

To prevail on a Title III ADA claim, a plaintiff must prove that: "(1) [person] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied a public accommodation by the defendant because of [his or her] disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010).

However, a "place of public accommodation" under the ADA, is limited to "an actual physical place." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). "On their own, websites are not places of public accommodation." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021). "[A] plaintiff who fails to allege any connection between the

-4-

website barriers and a physical location does not have an ADA claim." *Gomez v. Smith*, No. 21-cv-07154-RS, 2022 U.S. Dist. LEXIS 6157, at *3-4 (N.D. Cal. Jan. 12, 2022) citing *Langer*, U.S. Dist. LEXIS 8680 at *5.

Thus, to state a claim premised on alleged website accessibility under the ADA, the plaintiff must show that the alleged website accessibility violation impeded her access to the "goods and services" of Defendant's *physical store*. *Robles v. Domino's Pizza, LLC*, 913 F.3d at 905 (ADA applies to websites that "impede[] access to the goods and services of … places of public accommodation."); *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) (distinguishing actionable website functionality that impedes equal access to goods and services offered in Target stores from non-actionable website functionality that does not affect equal access to goods and services offered in Target stores).

Applying *Robles*, "a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Gomez v. Ackerman Family Vineyards LLC*, No. 3:21-cv-09184-WHO, 2022 U.S. Dist. LEXIS 94858, at *8 (N.D. Cal. May 26, 2022) quoting *Langer v. Pep Boys Manny Moe & Jack of California*, 2021 U.S. Dist. LEXIS 8680, at *5.

> For example, a website violates the ADA where it does not provide auxiliary aids to order products for delivery, as in *Robles*, or where the web-based barriers prevent the plaintiff from locating a physical store, as in *Farr*. See also *Williams v. Amazon.com Inc.*, 2020 U.S. Dist. LEXIS 185471, 2020 WL 5909060, at *1 (E.D. Cal. Oct. 6, 2020) (plaintiff adequately alleged standing when he claimed he had been "deterred from visiting defendant's physical stores because he is unable to use defendant's website to locate the stores and obtain their hours of operation"); *Haggar v. Ashley Furniture Indus., Inc.*, 2019 U.S. Dist. LEXIS 231237, 2019 WL 8886026, at *3 (C.D. Cal. Dec. 12, 2019) ("Plaintiffs allege they tried to use Defendant's website to locate physical stores, and order furniture and other products available at Defendant's physical locations."). By contrast, a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim. Plaintiff fails to demonstrate an injury-in-fact because she fails to demonstrate a nexus between the purported lack of closed captioning on a video and a place of public accommodation. Plaintiff has the burden of alleging a "nexus" between the actual website barriers she encountered and the physical location. *Nat'l Fed'n of the Blind*, 452 F.Supp.2d at 952. As that court concluded addressing a similar complaint, "a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim."

*Langer v. Pep Boys Manny Moe & Jack of California*, 2021 U.S. Dist. LEXIS 8680, at *15-17. *Pep Boys* is closely on point. There, Langer alleged that:

> he "visited the Website in August 2020 to confirm that the business was open and look for information about the company and its products." FAC ¶ 15. He alleges he was "denied the full use and enjoyment of the facilities, goods and services offered by Defendants" as a result. Id. ¶ 19. According to Langer, he has been "deterred from returning to the website as a result" of this experience. Id. ¶ 22. He avers that he "will return to the Website to avail himself of its goods and/or services" once it has been made accessible. Id. ¶ 25. However, he does not explain how the alleged violations have a nexus to Pep Boys' physical locations. For example, he does not allege that he intended to visit a Pep Boys' location and could not because the website was inaccessible. He also does not represent that he was trying to use the website to order goods or services from Pep Boys' physical location. Instead, he merely suggests that the website's videos are themselves a service that he was prevented from accessing. But the caselaw cited above makes clear that websites (and the services offered on them) are not public accommodations absent a nexus to a physical location. Therefore, without more, Langer's allegations that he had difficulty watching a video on Pep Boys' website is not sufficient to allege injury under the ADA.

*Id.* In *Ackerman Family Vineyards,* the court confronted a similar SRS case by another serial litigant:

> All that Gomez pleads about the barriers, as recounted above, is that (1) "[i]mages on the website lack a text equivalent readable by SRS," (2) "[t]he website contains script elements that are not identified with functional text readable by SRS," and (3) "[t]he visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements." None of these plausibly show how the alleged barriers denied his full and fair enjoyment. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (requiring this as a matter of pleading in ADA cases). It seems possible, for instance, that Gomez was still able to read the webpage with SRS despite its contrast, that the unidentified images were not material, and that the unidentified script elements did not impact the experience of reading the webpage—the pleading is too vague to assess if this is so.

*Gomez v. Ackerman Family Vineyards LLC*, 2022 U.S. Dist. LEXIS 94858, at *7-8 (N.D. Cal. May 26, 2022).

As in *Pep Boys* and *Ackerman*, Plaintiff does not allege any barriers to the watch store's *physical* location. Although she lists purported coding errors under WCAG 2.1 that allegedly did not support her preferred screen reader software, Plaintiff does not allege how the content she purportedly could not view impaired access to the services *of the Defendant's physical location*. For example, Plaintiff does not allege that she was unable to locate the address of the store, the store's contact information, or even the store's email

1  address. Moreover, because access to the physical location is limited to those with
2  appointments only, and Plaintiff does not allege that she even attempted to make an
3  appointment to visit the physical location, for this reason alone, Plaintiff has not stated a
4  claim.

        2. **Plaintiff Has Alleged A Nonexistent "Informational" Claim.**

6        Harrison has pled herself out of a claim as she alleges that she visited the Website to
7  get *information* and research about Defendant's products. *See* Complaint, ¶¶ 12, 30
8  ("Plaintiff attempted to view the website and learn more about Defendant and it's products
9  using Defendant's website"). However, "the courts do not recognize an 'informational
10 injury.'" *Gomez v. Gates Estates, Inc.*, No. C 21-7147 WHA, 2022 U.S. Dist. LEXIS 27266,
11 at *10 (N.D. Cal. Feb. 15, 2022)(finding "ADA [did] not protect [plaintiff's] general interest
12 in being able to gather information from defendant's website unrelated to any desire to avail
13 himself of . . . the services of defendant's physical office"); *see also Langer v. Pep Boys
14 Manny Moe & Jack of Calif.*, 2021 U.S. Dist. LEXIS 8680 at *5-6 (finding no standing
15 where plaintiff did not allege he "intended to visit" or "was trying to use the website to
16 order goods or services from" defendant's physical store); *Gomez v. Smith*, Case No.
17 21-cv-07154-RS, 2022 U.S. Dist. LEXIS 6157 at *3 (N.D. Cal. Jan. 12, 2022) (finding no
18 standing where plaintiff visited website to "get information about houses on sale," rather
19 than to "utiliz[e] services or obtain[] goods at physical places of public accommodation"
20 (internal quotation and citation omitted)); *Gomez v. Corro*, Case No. 21-cv-07085-SI, 2022
21 U.S. Dist. LEXIS 75842 at *2 (N.D. Cal. Apr. 26, 2022) (noting plaintiff may not
22 "challenge the inaccessibility of a website where the inability to access information on the
23 website was the sole basis of the ADA claim . . . and the website's inaccessibility did not
24 separately impede access to the goods or services of the public accommodation"); *Langer v.
25 Oval Motor Sports, Inc.*, No. 21-cv-06401-MMC, 2022 U.S. Dist. LEXIS 99575, at *3-4
26 (N.D. Cal. June 3, 2022)(allegation that plaintiff visited the website "to look for information
27 about car racing" (see Compl. ¶ 18), is "deterred from returning to the website" (see Compl.
28 ¶ 25), and "will return to the [w]ebsite" once it is accessible (see Compl. ¶ 28), and no

allegation he had an "intent or desire" to access, or that the lack of closed captioning "impeded his access," to the goods or services offered by the speedway itself" did not state a claim).

Merely pointing out alleged technical violations, as Plaintiff does in this case, has never pled and does not plead a claim under the ADA. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011) (*en banc*).

> Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court. As then-Judge Barrett succinctly summarized, 'Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.'

*TransUnion LLC v. Ramirez*, __ U.S. __,141 S. Ct. 2190, 2200 (2021).

Plaintiff does not allege that she was prevented from accessing the physical location of Defendant's store through other parts of the website or by contacting the store directly. Plaintiff does not even allege that she wanted to visit Defendant's store at all. Her claim is therefore insufficient under both the ADA and *Robles.*

## II.
## THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

A. <u>No Subject Matter Jurisdiction Under the ADA</u>.

At an irreducible constitutional minimum, an ADA plaintiff must establish standing by showing (1) he or she has suffered an "injury in fact;" (2) there is "a causal connection between the injury" and the defendant's complained-of conduct; and (3) it is likely "that the injury will be redressed by a favorable decision." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Even if a claim satisfies the three elements of standing to sue for past illegal conduct, to sustain ADA standing for injunctive relief, a claimant must also establish a "'real and immediate threat of repeated injury.'" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004); *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)(*en banc*). A "barrier" will only amount to such

interference if it affects the plaintiff's full and equal enjoyment of the public accommodation, *i.e.*, the Defendant's physical location, on account of her particular disability. *Chapman, supra* at 947. To satisfy standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact coupled with an intent to return," or alternatively is deterred from returning to the premises. *Chapman*, 631 F.3d at 944, 949–50.

### 1.     Plaintiff Has Not Plead Any Real and Immediate Threat of Future Harm

Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief. *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014), citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002). Harrison must not only demonstrate the familiar requirements for standing—injury-in-fact, traceability, redressability—but also "a sufficient likelihood that he will be wronged again in a similar way." *Ervine*, 753 F.3d at 867 citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). That is to say, she must show she faces a "real and immediate threat of repeated injury." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974)).

An ADA plaintiff establishes such a real and immediate threat if "[he or she] intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Chapman*, 631 F.3d at 948; *see, e.g., Fortyune*, 364 F.3d at 1082 (holding that plaintiff who suffered discrimination only once was likely to suffer repeat injury where he returned to place of public accommodation often and discrimination was pursuant to written policy). Alternatively, a plaintiff who "has visited a public accommodation on a prior occasion" demonstrates a real and immediate threat "if he [or she] is currently deterred from visiting that accommodation by accessibility barriers." *Ervine*, 753 F.3d at 867; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008); *see also Pickern*, 293 F.3d at 1136-37.

Here, Harrison has never been to Defendant's physical location and has not expressed any intent to return to the Store's physical location. As such, there is no real and immediate threat of future harm to Plaintiff, who has not alleged that she even tried to purchase any

-9-

1 watch, wanted to purchase a watch, was unable to locate the physical store, or that the
2 Toolbar that Defendant provides was insufficient to her accessing the Website. She has
3 therefore failed to demonstrate any "real and immediate threat of future injury" and lacks
4 standing to seek injunctive relief.

### 2. **Plaintiff Has Not Pled An Injury In Fact.**

To demonstrate that she has suffered an "injury in fact," a plaintiff must establish an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Doran*, 524 F.3d at 1039 (quoting *Lujan*, 504 U.S. at 560). A plaintiff "lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Chapman*, 631 F.3d at 953. An injury is particularized when it affects the plaintiff "in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Thus, a plaintiff must allege more than encountering a barrier in order to establish standing. In short, to plead an injury-in-fact under the ADA, a plaintiff must allege that she encountered accessibility barriers *at a place of public accommodation* owned or operated by the defendant. *Langer v. Caravana*, LLC, 8:21-cv-00303-JLS-JDE (C.D.Cal. Aug. 24, 2021). Plaintiff here has merely alleged that she encountered alleged coding issues on the website, which is *not* a "place of public accommodation.

The burden is on a plaintiff to show that some aspect of the website impeded the plaintiff's access to the goods and services of the physical location of the store– something Plaintiff has abjectly failed to do here. Although Plaintiff alleges that the Website was insufficient in various ways, *see* Complaint, ¶ 23, she does not specifically allege that any purported insufficiency actually affected her full and equal enjoyment of the Store's physical location. Furthermore, as stated above, the Website's "Accessibly App Toolbar" makes the site WCAG 2.0 compliant and as such fully complies with the ADA. Plaintiff does not state how Defendant's toolbar was insufficient to meet her needs. As such, she cannot establish an injury in fact.

### 3. **Plaintiff Has Not Pled An Intent To Return.**

Standing also requires an intent to return. *Chapman*, 631 F.3d at 944, 949–50. A general intent to return to a public accommodation is "insufficient to confer standing in an action for injunctive relief." *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005) (citing *Lujan*, 504 U.S. at 564). Accordingly, a plaintiff "lacks standing if he is indifferent to returning . . . or if his alleged intent to return is not genuine." *Chapman*, 631 F.3d at 953. Here, Plaintiff in this case does not even put forth a general assertion that she plans to visit the Store's Website or physical location in the future or make an appointment to visit the physical location. As such, Plaintiff has failed in this basic step to have standing and thus the Court must dismiss for lack of subject matter jurisdiction.

### 4. **Deterrence.**

A plaintiff may alternatively establish an "injury-in-fact" by demonstrating deterrence from returning to the premises due to a defendant's failure to comply with the ADA. *Chapman*, 631 F.3d at 944; *Pickern*, 293 F.3d at 1138. To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access." *Pickern*, 293 F.3d at 1135. "But a plaintiff's claimed deterrence cannot be merely 'conjectural or hypothetical.'" *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019), at *9, *aff'd*, 2020 U.S. App. LEXIS 20146 (9th Cir. Cal., June 26, 2020), quoting *Vogel v. Salazar*, SACV 14-00853-CJC, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). "A plaintiff must allege facts to show that he would return if the establishment were ADA-compliant." *Id.*

Finally, Plaintiff alleges that she went to the Defendant's Website "several times". Complaint, ¶ 22. That alone calls into question the legitimacy of her purported "deterrence," since she could have had no reasonable belief that the Website somehow became "accessible," without any notice from her at all. As one court held,

> Mr. Johnson pleads that the access barriers at Cruz Tire & Truck Repair prevented him from returning to patronize the business. Compl. ¶ 21; Johnson

-11-

Decl. ¶ 11. Nonetheless, Mr. Johnson visited the business three times. See Compl. ¶ 8. Mr. Johnson's words and actions are incongruent. *Johnson v. Garlic Farm Truck Ctr. Llc*, No. 20-cv-03871-BLF, 2021 U.S. Dist. LEXIS 113031, at *20 (N.D. Cal. June 16, 2021).

Plaintiff's allegation of deterrence in the complaint is limited to a portion of one sentence in her Compl., ¶ 24. "As a result, Plaintiff is deterred altogether from shopping from Defendant or visiting the physical location," even though Plaintiff does not allege any intent to visit Defendant's physical location at any time in the future, or even do more than look for information on Defendant's website.

Conclusory allegations of deterrence, however, are insufficient. *Gastelum v. Cent. Valley Hosp. LLC*, No. 1:21-cv-01079-JLT-SAB, 2022 U.S. Dist. LEXIS 53766, at *9 (E.D. Cal. Mar. 24, 2022). A plaintiff must allege more, such as frequency of travel to a region, to support a determination that he is deterred from a return due to the alleged barriers. *See, e.g., Whitaker v. Ramon Bravo, Inc.*, No. 21-cv-03714-JCS, 2021 U.S. Dist. LEXIS 172315 at *4 (N.D. Cal. Sept. 10, 2021) (finding a plaintiff sufficiently alleged imminent future injury based on allegations that he is an ADA tester who frequently travels to the Bay Area, including the Redwood City area where the restaurant was located). In *Central Valley Hosp. LLC,* the plaintiff similarly alleged he was "deterred" from revisiting the hotel because it is not fully compliant with disability laws. "Because this is the only allegation Plaintiff asserts with respect to deterrence, the allegation is conclusory and insufficient to establish deterrence."

Assuming that the Complaint states a claim – which is denied – Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under the ADA.

## III.

## **PLAINTIFF LACKS STANDING TO SEEK DAMAGES UNDER THE UNRUH ACT**

Of course, without a federal claim, courts routinely dismiss supplemental state law claims. *Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015). But the Unruh Act claim fails on the merits as well. *Thurston v. Omni Hotels Mgmt. Corp.*, 69 Cal. App. 5th

299 (2021) requires that a plaintiff have a *bona fide* intent to use the goods and services of the defendant. Nowhere in her Complaint does Harrison allege that she was seeking to purchase a watch from Defendant, that she even wanted to visit Defendant's physical location or that she attempted to make an appointment to visit the physical location but was unable to do so.  As discussed above, she has alleged a mere informational injury and thus, she was not a *bona fide* patron when she went to the website and the claim is defective.

For example, a plaintiff cannot recover damages unless the violation *actually* denied him or her equal access to some public facility.  *Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations.  As the court held, under that theory,

> any disabled person could sue for statutory damages whenever he or he encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3 . . .

*Id.*  Plaintiff cannot allege that she was actually denied access to the actual brick and mortar Store by purported coding errors alleged in the complaint – which do not exist in any event. Although she alleges that she experienced some purported incompatibility with her screen-reader software, she fails to explain how that alleged "barrier" impaired her ability to access the physical Store or its services.  Because the Unruh Act claim is based solely on a violation of the ADA, and there is none, there is no viable Unruh Act claim.

## IV.
## THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER THE UNRUH ACT CLAIM

Absent a viable ADA claim, the dependent Unruh Act claim must be dismissed. *See Cullen v. Netflix, Inc.*, 600 F. App'x at 509. Even if the ADA claim was viable, this Court should decline to exercise supplemental jurisdiction over the Unruh claim pursuant to *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021) and *Thanh Vo v. Choi*, 49 F.4th 1167, 1173 (9th Cir. 2022).

# CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and without leave to amend.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: April 22, 2023   By: _____
Philip H. Stillman, Esq.
Attorneys for Defendant

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, the undersigned, certify under penalty of perjury that on April 23, 2023 or as soon |
| 3 | as possible thereafter, copies of the foregoing Notice of Motion to Dismiss, Memorandum |
| 4 | of Points and Authorities, Request for Judicial Notice and Proposed Order were served |
| 5 | electronically by ECF. |

By: /s/ *Philip H. Stillman*
For Defendant