# UNITED STATES COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

BARBARA HARRISON, an individual,

Plaintiff,

v.

CME INTERNATIONAL LLC (dba Bob's watches),

Defendant.

Case No.: 8:23-cv-00347-CJC-KES

**[PROPOSED] ORDER ON MOTION TO DISMISS COMPLAINT**

Date: May 22, 2023
Courtroom: 9B

Hon. Cormac J. Carney

Having carefully considered the moving, opposition, and reply papers, the Court finds that oral argument is unnecessary. The Court hereby GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice.

A. Request for Judicial Notice

As an initial matter, Defendant has asked that that this Court take judicial notice of the following: a list of lawsuits asserting similar or identical claims as those asserted in the instant case by Plaintiff and Plaintiff's law firm, copies of substantially similar complaints filed by Plaintiff and printouts of web pages from Defendant's Website, the content of which is described and characterized in the Complaint. When ruling on a Rule 12(b)(6) motion to dismiss, a court may, without converting the motion to one for summary judgment, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Defendant's Website is referred to in the Complaint, and indeed there is no question that their contents are the very foundation of this lawsuit. Courts may take judicial notice of documents referenced in the complaint and central to a party's claims. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Quinto v. JP Morgan Chase Bank*, 2011 WL 809314, at *2 (N.D. Cal. 2011). Moreover, this Court may take judicial notice of "publicly accessible websites[.]" *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014).

Accordingly, this Court GRANTS Defendant's Request for Judicial Notice, and this Court will consider the materials so noticed in evaluating the instant motion.

B. First Cause of Action: Violation of the Americans with Disabilities Act

A website is not a "place of public accommodation." To state a claim premised on alleged website accessibility under the ADA, a plaintiff must therefore show that the alleged website accessibility violation impeded her access to the "goods and services" of the defendant's physical location. *Robles v. Domino's Pizza, LLC*, 913

F.3d at 905 (ADA applies to websites that "impede[] access to the goods and services of … places of public accommodation."); *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F.Supp.2d 946, 952 (N.D. Cal. 2006) ("a plaintiff must allege that there is a 'nexus' between the challenged service and the place of public accommodation"). In order to be actionable, violations must have some *actual* effect on Plaintiff, so as to deny her full and equal access to the physical location. Merely pointing out alleged technical violations has never pled and does not plead a claim under the ADA. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011) (*en banc*).

Plaintiff does not allege any barriers at or to the Defendant's physical location. The only purported problem is list of discrete coding errors Plaintiff alleges did not support her preferred screen reader software. But Plaintiff does not allege how the content she purportedly could not review impaired access to the Defendant's physical location. Plaintiff does not allege that the allegedly inaccessible fragments of information provided information about physical place, without which she could not go to the Defendant's store. Nor does Plaintiff allege that she tried to access, but was prevented from accessing, the Defendant's store itself based on her alleged difficulty viewing information on the Website. Instead, she merely claims that she went to the defendant's website "to view the website and learn more about Defendant and it's products using Defendant's website." Compl., ¶ 12. As such, she has only alleged an informational injury, which the courts have rejected as a basis for a claim pursuant to the ADA. *See e.g.*, *Gomez v. Gates Estates, Inc.*, No. C 21-7147 WHA, 2022 U.S. Dist. LEXIS 27266, at *10 (N.D. Cal. Feb. 15, 2022)(finding "ADA [did] not protect [plaintiff's] general interest in being able to gather information from defendant's website unrelated to any desire to avail himself of . . . the services of defendant's physical office"); *see also Langer v. Pep Boys Manny Moe & Jack of Calif.*, 2021 U.S. Dist. LEXIS 8680 at *5-6 (finding no standing where plaintiff did not allege he "intended to visit" or "was trying to use the website to order goods or services from"

ORDER ON DEFENDANT'S MOTION TO DISMISS

defendant's physical store); *Gomez v. Smith*, Case No. 21-cv-07154-RS, 2022 U.S. Dist. LEXIS 6157 at *3 (N.D. Cal. Jan. 12, 2022) (finding no standing where plaintiff visited website to "get information about houses on sale," rather than to "utiliz[e] services or obtain[] goods at physical places of public accommodation" (internal quotation and citation omitted)).

Furthermore, the ADA does not dictate specific coding requirements for websites associated with places of public accommodation. In limited circumstances, courts have extended ADA requirements to websites with a strong nexus to a physical space because they "connect customers to the goods and services" offered there. *See Robles v. Domino's Pizza*, LLC, 913 F.3d 898, 905 (9th Cir. 2019).

The ADA requires public accommodations, like restaurants, to "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii). DOJ regulations provide somewhat more clarity, explaining that a public accommodation must "furnish appropriate auxiliary aids and services *where necessary to ensure effective communication* with individuals with disabilities." 28 C.F.R. § 36.303(c)(1) (emphasis added). Neither the ADA nor DOJ's regulations mandate any particular method for providing such accommodations with respect to Websites. The Ninth Circuit has recognized that the "lack of specific instructions from DOJ" about website accessibility may be purposeful because "the ADA and its implementing regulations are intended to give public accommodations ***maximum flexibility*** in meeting the statute's requirements." *Robles v. Domino's Pizza, LLC*, 913 F.3d at 908 (quoting *Reed v. CVS Pharmacy, Inc.*, 2017 WL 4457508, at *3 (C.D. Cal. Oct. 3, 2017)) (emphasis added). In this case, it is undisputed that Defendant provides an accessibility tool for visitors such as Plaintiff, Plaintiff does not allege that the Accessibility tool either did not work or was in some way insufficient, or even that she attempted to use the tool.

ORDER ON DEFENDANT'S MOTION TO DISMISS

Thus, Plaintiff must allege that the various technical coding specifications she alleges in his complaint are necessary to ensure "effective communication" and full and equal enjoyment of Defendant's store itself. *Langer v. Pep Boys Manny Moe & Jack of Cal.*, No. 20-cv-06015-DMR, 2021 U.S. Dist. LEXIS 8680, at *7 (N.D. Cal. Jan. 15, 2021). There is no allegation that the various website coding specifications demanded by Plaintiff have *any* role in ensuring "effective communication" with a potential visitor to the physical location or has any effect on Plaintiff's ability to determine the Defendant's physical location. The Complaint therefore fails to state a claim.

Finally, Plaintiff's ADA claims must be dismissed for lack of subject matter jurisdiction. Plaintiff has not pled an injury in fact. Although Plaintiff alleges that the Website was insufficient in unspecified ways, she does not allege that any purported insufficiency actually affected her full and equal enjoyment of the *Defendant's physical location.* The burden is on a plaintiff to show that some aspect of the website impeded the plaintiff's access to the goods and services of the Defendant's physical location – something Plaintiff has failed to do here.

For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's First Cause of Action.

    C.    Second Cause of Action: California Unruh Act

Plaintiff lacks standing under the Unruh Act. Standing under the Unruh Act is established where a disabled plaintiff can show he or she had a *bona fide* intent to patronize the physical location at the time that she visited the defendant's website with the intent of purchasing its products or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion. Plaintiff cannot allege that she was actually denied access to the actual brick and mortar store by the lack of coding errors alleged in her complaint. Moreover, as shown by Defendant's website, visits to the

ORDER ON DEFENDANT'S MOTION TO DISMISS

physical location are by appointment only, and Plaintiff has failed to allege that she attempted to make an appointment or that something about the website prevented her from making an appointment at the physical location.  Although she alleges that she experienced a purported barrier, she fails to explain how that alleged "barrier" impaired her ability to access the hotel or its services.

D. <u>Conclusion</u>

The Courts GRANTS Defendant's motion to dismiss and DISMISSES Plaintiff's claims with prejudice.

**IT IS SO ORDERED.**

                                      Hon. Cormac J. Carney
                                      United States District Judge