UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BARBARA HARRISON, | Case No.: SACV 23-00347-CJC (KESx) |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. 14] |
| CME INTERNATIONAL LLC, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Barbara Harrison filed this action against Defendant CME International LLC for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51. (*See* Dkt. 1 [Complaint, hereinafter "Compl."].) Now before the Court is Defendant's motion to

dismiss the Complaint.  (*See* Dkt. 14 [Notice of Motion and Motion to Dismiss Case, hereinafter "Mot."].)  For the following reasons, Defendant's motion is **GRANTED**.[1]

## II.   BACKGROUND

Plaintiff is a legally blind person who requires screen-reading software to access website content on her computer.  (Compl. ¶ 1.)  Defendant owns and operates a brick-and-mortar retail store in Newport Beach, California.  (*Id.* ¶ 10.)  Defendant also owns and operates a related website, https://www.bobswatches.com (the "Website").  (*Id.*)  The Website "provides consumers with access to an array of goods and services including different brands of watches and luxury watches for sale."  (*Id.*)

Plaintiff alleges that on several occasions, she visited the Website and "encountered multiple access barriers for blind or visually-impaired people."  (*Id.* ¶ 23.)  Specifically, Plaintiff alleges that when she attempted to employ the assistance of her screen-reading software to access the Website, she encountered the following barriers:

    a.  Link text on the web page [is] not unique and descriptive. The website does not include alternative text descriptions for images, etc. making it difficult for individuals who are visually impaired to understand the content of the website;
    b.  The website does not include proper headings, making it difficult for individuals who use screen readers to understand the structure of the website;
    c.  The website does not include proper labeling for form controls, making it difficult for individuals who use assistive technology to interact with forms on the website;
    d.  100% certified authentic button fails to get activated via screen reader;
    e.  Incorrect reading is observed when the user navigates to the 'Rolex' link.  Reader should read Rolex watches link;

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 22, 2023, at 1:30 p.m. is hereby vacated and off calendar.

f.  Screen reader fails to notify the updated search results;

g.  Search Accordion closes automatically while the screen reader focus is on it;

h.  Screen reader is announcing the list again when the focus moves to the list's second option Seamaster;

i.  While navigating screen reader is announcing Multiple lists on the 'MODEL', PRICE, GENDER, SIZE, METAL TYPE, DIAL COLOR, AGE, BOX & PAPERS, CONDITION, BRACELET, BEZEL TYPE, HOUR MARKERS Sections;

j.  Focus fails to move on the triggered element, the (Forgot Your Password) link, after canceling the 'Forgot Password['']; and

k.  The list is not implemented on the links present under 'Rolex 101', 'Resources', and 'About Bob's' - These are present under the 'More' popover.

(*Id.* ¶ 23.)  Plaintiff asserts that these inaccessibility issues "make reviewing the website frustrating, difficult and discourages visually-[impaired] customers such as Plaintiff from wanting to visit Defendant's website.  As a result, Plaintiff is deterred altogether from shopping from Defendant or visiting the physical location."  (*Id.* ¶ 24.)

## III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  To survive a motion to dismiss, a

complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain well-pleaded factual allegations, not legal conclusions, that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## IV.   DISCUSSION

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim under the ADA and, alternatively, because Plaintiff has failed to plead an injury sufficient to confer standing. (*See* Mot.) The Court finds that because Plaintiff does not allege a sufficient nexus between the Website and Defendant's physical location, she has failed to state a claim for denial of a public accommodation under the ADA.

### A.   ADA Claim

To prevail on an ADA claim, the "plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)–(b)). "[T]he ADA mandates that places of public accommodation . . . provide auxiliary aids and services to make visual materials available to individuals who are blind." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019), cert. denied, 140 S. Ct. 122 (2019). The Ninth Circuit has held that places of public accommodation must be "actual, physical places

where goods or services are open to the public, and places where the public gets those goods or services," or there must be "some connection between the good or service complained of and an actual physical place." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000); *see Gomez v. Miersch*, 2022 WL 1271009, at *2 (N.D. Cal. Apr. 28, 2022) (holding that ADA claim failed where plaintiff did not plead "a 'nexus' between any purported website inaccessibility and a place of accommodation").

As other district courts have noted when dismissing similar lawsuits, "[o]n their own, websites are not places of public accommodation." *Langer v. Carvana, LLC*, 2021 WL 4439096, at *3 (C.D. Cal. Aug. 24, 2021) (quoting *Langer v. Pep Boys Manny Moe & Jack of California*, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021)). But the ADA "applies to the services *of* a place of public accommodation, not services *in* a place of public accommodation." *Robles*, 913 F.3d at 905. Thus, an ADA violation can arise out of a website's lack of accessibility when there is a nexus between the website and the goods or services provided by a physical place of public accommodation. *See id.* at 905–06.

While Plaintiff has alleged both that Defendant's website has barriers to access and that Defendant has a physical storefront, she "does not allege that [Defendant's] failure to" make the website accessible "impeded [her] access to" the physical storefront. *Carvana*, 2022 WL 2965659, at *4. For example, in *Robles*, the visually impaired plaintiff alleged that Domino's Pizza's website violated the ADA because it was not configured to allow the plaintiff to use screen-reading software to order pizza for delivery. The Ninth Circuit held that the ADA applies to Domino's website because it "facilitate[s] access to the goods and services of a place of public accommodation— Domino's physical restaurants," and "connect[s] customers to the goods and services of Domino's physical restaurants." *Robles,* 913 F.3d at 905-06. Following *Robles*, district

courts have found the "nexus" requirement met only when a website's "inaccessibility impedes [the plaintiff's] access to the services of [the] defendant's physical office." *Gomez v. Gates Ests., Inc.*, 2022 WL 458465, at \*4 (N.D. Cal. Feb. 15, 2022); *see Williams v. Amazon.com Inc.*, 2020 WL 5909060, at \*1 (E.D. Cal. Oct. 6, 2020) (explaining that relevant question was whether defendant was "deterred from visiting defendant's physical stores because he is unable to use defendant's website to locate the stores and obtain their hours of operation"); *Haggar v. Ashley Furniture Indus., Inc.*, 2019 WL 8886026, at \*3 (C.D. Cal. Dec. 12, 2019) (similar).

Here, Plaintiff has not identified a sufficient nexus between the Website and Defendant's physical store.  She does not allege, for example, that she tried to order watches from the Website for pickup at Defendant's store but was unable to do so.  *See, e.g., Reed v. CVS Pharmacy, Inc.*, 2017 WL 4457508 at \*3 (C.D. Cal. Oct. 3, 2017) (finding ADA liability upon allegations that the CVS mobile app allowed the plaintiff to browse products physically on the shelves of CVS pharmacies); *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 954–55 (N.D. Cal. 2006) (finding a sufficient nexus when website allowed customers to take actions related to in-store products and services, including refilling a prescription or ordering photos for store pick-up).  Nor does she allege that the issues with the screen reader prevented her from accessing or otherwise utilizing Defendant's brick-and-mortar store.  *See, e.g., Pep Boys*, 2021 WL 148237, at \*6 (finding no nexus because the plaintiff neither "allege[d] that he intended to visit a Pep Boys' location and could not because the website was inaccessible," nor "represent[ed] that he was trying to use the website to order goods or services from Pep Boys' physical location"); *Thurston v. FCA US LLC*, 2018 WL 700939, at \*3 (C.D. Cal. Jan. 26, 2018) (finding no nexus because the plaintiff "does not allege that she was unable to locate a dealership," that she was unable to access the help phone number, or "that she actually intended to visit a dealership").

Instead, Plaintiff alleges that because she was frustrated by the inaccessibility of the Website, she was discouraged from patronizing Defendant's business at all, either online or in person.  (*See* Compl. ¶ 24 ["Plaintiff is deterred altogether from shopping from Defendant or visiting the physical location."].)  That Plaintiff's overall opinion of Defendant's business was soured by the inaccessibility of the Website does not establish the requisite nexus between the website and the physical location.  *See Gomez v. Corro*, 2022 WL 1225258, at *2 (N.D. Cal. Apr. 26, 2022) (granting dismissal when the sole basis of plaintiff's ADA claim was inability to access information on the website and "the website's inaccessibility did not separately impede access to the goods or services of the public accommodation").

In short, Plaintiff does not identify any integration or interconnectedness between the Website and Defendant's physical store comparable to that encountered in *Robles*. As a result, she has failed to state a claim under the ADA.  *See Brooks v. Lola & Soto Bus. Grp., Inc.*, 2022 WL 616798, at *7 (E.D. Cal. Mar. 2, 2022) (dismissing case where complaint was "devoid of any allegation that the website [was] integrated with Defendant's physical locations in any specific way").

**B.    Unruh Act Claim**

The basis for jurisdiction over Plaintiff's Unruh Act claim is supplemental jurisdiction, which is discretionary.  *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  "Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim."  *Johnson v. Techbusiness Resources, LLC*, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020) (citations omitted).  The Court declines to exercise supplemental jurisdiction over the Unruh Act claim in this case because "it would not further the interest of judicial economy, convenience, fairness and comity."  *Id.* (citation omitted).

## C.    Leave to Amend

Plaintiff has neither opposed the motion to dismiss nor requested leave to amend the Complaint.  The Court is thus left to guess at what Plaintiff could add to the Complaint to cure the deficiencies.  But the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Because the Court cannot definitively conclude that amendment would be futile, *see Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987), the Court will grant Plaintiff leave to amend the Complaint.

## V.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.  If Plaintiff chooses to file an amended complaint, she must do so within **twenty-one (21) days** of the date of this Order.  If Plaintiff fails to timely file an amended complaint, the case will be dismissed with prejudice.

DATED:     May 9, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE